# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### Criminal No. 22-40 (JRT/LIB)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**(1) HARSHKUMAR RAMANLAL PATEL**
**a/k/a "Dirty Harry,"**
**a/k/a Harry Patel,**
**a/k/a Param Singh,**
**a/k/a Haresh Rameshlal Patel,**
**a/k/a Harshkumar Singh Patel, and**
**(2) STEVE ANTHONY SHAND,**

**Defendants.**

The United States hereby submits its proposed jury instructions for this case. Unless otherwise noted, the Instructions were prepared from the Eighth Circuit Model Criminal Jury Instructions.

**Proposed Preliminary Instructions**

| # | Source | Instruction | Page # |
|---|--------|-------------|--------|
| 1 | 0.01 | Instruction before Voir Dire | 4 |
| 2 | 0.02 | Instruction at End of Voir Dire | 9 |
| 3 | 1.01 | General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary | 12 |
| 4 | 1.03 | Evidence; Limitations | 16 |
| 5 | 1.05 | Credibility of Witnesses | 18 |
| 6 | 1.06A | No Transcript Available – Notetaking | 19 |
| 7 | 1.07 | Bench Conferences and Recesses | 20 |
| 8 | 1.08 | Conduct of the Jury | 21 |
| 9 | 1.09 | Outline of Trial | 25 |

## Proposed Final Instructions

| # | Source | Instruction | Page # |
|---|--------|-------------|--------|
| 1 | 3.01 | Introduction | 27 |
| 2 | 3.02 | Duty of Jury | 28 |
| 3 | 3.03 | Evidence; Limitations | 29 |
| 4 | 3.04 | Credibility of Witnesses | 30 |
| 5 | 4.10 | Opinion Evidence – Expert Witnesses | 31 |
| 6 | 3.08 | Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof | 32 |
| 7 | 3.11 | Reasonable Doubt | 34 |
| 8 | 4.12 | Summaries | 35 |
| 9 | 3.14 | Date of Crime Charged | 36 |
| 10 | 8 U.S.C. § 1101(a)(3) | Definition of Alien | 37 |
| 11 | 5.06A-1 | Count 1 | 38 |
| 12 | Adapted from 5.06A.2 | Conspiracy Elements Explained | 40 |
| 13 | 5.06D | Co-Conspirator Acts and Statements | 43 |
| 14 | Adapted from 5.01 | Count 2 | 44 |
| 15 | Fifth Circuit 2.01A; 7th Circuit Instruction for 8 U.S.C. § 1324 | Count 3 | 46 |
| 16 | 5.06A-1 | Count 4 | 48 |
| 17 | Adapted from 5.01 | Count 5 | 49 |
| 18 | Fifth Circuit 2.01B; 7th Circuit Instruction for 8 U.S.C. § 1324 | Count 6 | 51 |
| 19 | Adapted from 6.18.1030B and 18 U.S.C. § 1365 | Special Interrogatory for Counts 1-6 | 53 |
| 20 | Fifth Circuit 2.01B; 7th Circuit Instruction for 8 U.S.C. § 1324 | Count 7 | 54 |
| 21 | 8.01 | Attempt | 56 |
| 22 | 7.05 | Proof of Intent or Knowledge | 57 |
| 23 | 3.13 | Venue | 58 |
| 24 | 2.25 | Duties of Jury – At the Close of the Case | 59 |
| 25 | 3.12 | Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form | 61 |

**INSTRUCTIONS TO BE GIVEN AT THE BEGINNING OF THE TRIAL**

**PRELIMINARY JURY INSTRUCTION NO. 1**
**INSTRUCTIONS BEFORE VOIR DIRE**

Members of the Jury Panel, if you have a cell phone, smart phone, iPhone, Android device, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror in this case, you cannot talk about the case or communicate with anyone else about the case until I tell you that such discussions are allowed. You cannot even discuss the case with your fellow jurors until I tell you to begin deliberations at the end of the trial. When I say you cannot communicate with anyone about the case in any way, this includes communications in writing, through email, via text messaging, on blogs, via comments, posts, or by accessing **any** social media websites and apps [give examples of currently popular social media applications, e.g., Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor]. Similarly, you cannot post your own thoughts on any aspect of the trial. The point is that you must not access or allow any app or communication of any kind to expose you to outside information or opinions about this case, or to expose others to your opinions about the case, during the trial. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing

4

your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. [This means you will need to stay off all social media platforms for the duration of the trial.] These are only examples. The sole exception to this rule about communications will occur during deliberations, when I will direct you to discuss the case with the other jurors. [OPTIONAL: If you feel that you cannot do this, then you cannot let yourself become a member of the jury in this case. Is there anyone who will not be able to comply with this restriction?]

Throughout the trial, and even during deliberations, you also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, notebooks, tablets, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This includes accessing sites such as Google Maps, Google Earth, Casenet, PACER, or any other internet search engines. You must also ignore any and all information about the case you might see, even accidentally, while using your phone, browsing online, or accessing online or electronic apps. This prohibition is mandatory because you must base the decisions you will make in this case solely on what you hear and see in this courtroom. [OPTIONAL: If you feel that you cannot do this, then you cannot let yourself become a member of the jury in this case. Is there anyone who will not be able to comply with this restriction?]

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court. While you can tell them about these sort of logistical issues, you should warn them that you cannot speak about the details of the case and they should not ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research, investigation, or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

[If a violation of these rules results in unnecessary delays or a retrial, costs or contempt of Court penalties may be assessed to those responsible.]

[Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?] (And then continue with other voir dire.)

[It is also important that you discharge your duties without discrimination, meaning that bias regarding the race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances of the defendant, any witnesses, or other participant(s) associated with the trial should play no part in the exercise of your judgment throughout the trial.]

[Because personal opinions, biases, and other beliefs, whether conscious or unconscious, favorable or unfavorable, can affect your thoughts, how you remember, what you see and hear, whom you believe or disbelieve, and how you make important decisions, the attorneys may ask you some questions related to these issues. Your answers must not only be truthful, but they must be full and complete. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases." Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.]

[Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?] (And then continue with other voir dire.)

I may not repeat these things to you before every recess but keep them in mind until you are discharged.

**PRELIMINARY JURY INSTRUCTION NO. 2**
**INSTRUCTIONS AT END OF VOIR DIRE**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog, post on social media or engage in any other form of written, oral, or electronic communication, as I instructed you before.

Do not read anything about this case from any source, to include newspapers, Facebook, online, or via social media. Do not watch any televised account, to include online videos about this case. Do not listen to any radio program, podcasts, or other audio sources on the subject of this trial. Do not conduct any electronic research of any kind or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of all outside information of any kind. Only in this way will you be able to fulfill your duty to decide the case fairly, based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss

it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

First, this means that, during the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not access any electronic resources for information about this case, about the witnesses or parties involved, or about the legal issues raised during the case. For example, you cannot look up the meaning of an objection raised during the case. It is also improper to visit or view, including electronically, any place discussed in this case. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

Second, this means that you must not communicate about the case with anyone. This includes your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or posts on social media websites and apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor).

10

Please note that these restrictions are intended to apply to all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might ultimately be viewed by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

Because it is so important to the parties' rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom.

I hope that for all of you this case is interesting and noteworthy.

**PRELIMINARY JURY INSTRUCTION NO. 3**
**GENERAL: NATURE OF CASE; NATURE OF INDICTMENT; BURDEN OF**
**PROOF; PRESUMPTION OF INNOCENCE; DUTY OF JURY; CAUTIONARY**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

[Describe your court's policy, such as "You must leave your cell phone, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete."]

This is a criminal case, brought against the defendants by the United States government. The defendants are charged with conspiracy to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy, aiding and abetting bringing aliens to the United States causing serious bodily injury and placing lives in jeopardy, bringing or attempting to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy, conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy, aiding and abetting the transport of aliens in the United States causing serious bodily injury and placing lives in jeopardy, transportation of aliens in the United States causing serious bodily injury and placing lives in jeopardy, and

12

transportation of aliens in the United States for the purpose of commercial advantage and private financial gain.

Those charges are set forth in what is called an indictment, which I will summarize as follows:

The indictment charges seven counts occurring on or about January 19, 2022.

Count 1 charges that the defendants conspired to bring aliens to the United States at a place other than a designated port of entry, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 2 charges that the defendants aided and abetted each other or other persons to bring and attempt to bring aliens to the United States other than a designated port of entry, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 3 charges that the defendants knowingly brought and or attempted to bring aliens to the United States other than a designated port of entry, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 4 charges that the defendants conspired to transport aliens in the United States, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 5 charges that the defendants aided and abetted each other or other persons to transport aliens in the United States who entered or remained in the United States in violation of law, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 6 charges that the defendants knowingly transported or attempted to transport aliens who entered or remained in the United States in violation of law, causing serious bodily injury and placing in jeopardy the life of such aliens.

Count 7 charges that the defendants knowingly transported or attempted to transport aliens who entered or remained in the United States in violation of law, for purposes of commercial advantage or private financial gain.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendants have pleaded not guilty and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether each defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

14

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

## PRELIMINARY JURY INSTRUCTION NO. 4
## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## PRELIMINARY JURY INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Again you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determinations of credibility.

**PRELIMINARY JURY INSTRUCTION NO. 6**
**NO TRANSCRIPT AVAILABLE—NOTETAKING**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

**PRELIMINARY JURY INSTRUCITON NO. 7**
**BENCH CONFERENCES AND RECESSES**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY JURY INSTRUCTION NO. 8
## CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk].

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you

are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any news at all and avoid listening to any broadcasts of any kind, to include electronic kinds such as podcasts. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse, or a friend clip out or save any stories for you to look at after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to

follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.

## PRELIMINARY JURY INSTRUCTION NO. 10
## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the government will make an opening statement. Next the defendants' attorneys may, but do not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendants may cross-examine. Following the government's case, the defendants may, but do not have to, present evidence, testify or call other witnesses. If the defendants call witnesses, the government may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**INSTRUCTIONS TO BE GIVEN AT THE CONCLUSION OF TRIAL**

## JURY INSTRUCTION NO. 1
## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## JURY INSTRUCTION NO. 2
## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## JURY INSTRUCTION NO. 3
## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses and the documents and other things received as exhibits, the facts that have been stipulated—this is, formally agreed to by the parties, the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## JURY INSTRUCTION NO. 4
## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

## JURY INSTRUCTION NO. 5
## OPINION EVIDENCE—EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become experts in their field and may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## JURY INSTRUCTION NO. 6
## DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE;
## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The Indictment in this case charges the defendants seven different crimes.

Count 1 charges that the defendants committed the crime of Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 2 charges that the defendants committed the crime of Aiding and Abetting Bringing Alines to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 3 charges that the defendants committed the crime of Bringing or Attempting to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 4 charges that the defendants committed the crime of Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 5 charges that the defendants committed the crime of Aiding and Abetting the Transport of Aliens in the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 6 charges that the defendants committed the crime of Transportation of Aliens in the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count  7 charges that the defendants committed the crime of Transportation of Aliens in the United States for the Purpose of Commercial Advantage and Private Financial Gains.

Each defendant has pleaded not guilty to each of those charges.

32

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial.

[The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

## JURY INSTRUCTION NO. 7
## REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**JURY INSTRUCTION NO. 8**
**SUMMARIES**

You will remember that certain summaries were admitted in evidence. You may use those summaries as evidence, even though the underlying documents and records are not here.

## JURY INSTRUCTION NO. 9
## DATE OF CRIME CHARGED

The indictment charges the offense was committed "on or about" January 19, 2022.

The government must prove that the offense happened reasonably close to that date, but is

not required to prove the alleged offense happened on that exact date.

**JURY INSTRUCTION NO. 10**
**DEFINITION OF ALIEN**

An alien is a person who is not a natural-born or naturalized citizen of the United

States.

**Authorit**y: 8 U.S.C. § 1101(a)(3).

## JURY INSTRUCTION NO. 11
## COUNT 1
## (CONSPIRACY TO BRING ALIENS TO THE UNITED STATES)

It is a crime for two or more people to agree to commit a crime. The crime of Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy, as charged in Count 1 of the Indictment, has three elements[1], which are:

*One*, on or before January 19, 2022, two or more people reached an agreement to Bring Aliens to the United States at a place other than a designated port of entry;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in this agreement, the defendant knew the purpose of the agreement.

---

[1] A smuggling conspiracy charged under § 1324 does not require an overt act. *See* 8 U.S.C § 1324(a)(1)(A)(V)(I) (lacking an overt act requirement); *see also United States v. Lopez*, 392 F. App'x 245, 253 (5th Cir. 2010) (noting in dicta that an overt act is likely not required under a § 1324 conspiracy). Supreme Court cases on similar statutes further suggest that no overt act is required. *See Whitfield v. United States*, 543 U.S. 209 (2005) (holding proof of overt act not required for money laundering conspiracy, 18 U.S.C. § 1956(h), because the text "does not expressly make the commission of an overt act an element of the conspiracy"); *Salinas v. United States*, 522 U.S. 52 (1997) (same as to 18 U.S.C. § 1962(d), RICO statute); *United States v. Shabani*, 513 U.S. 10 (1994) (same as to 21 U.S.C. § 846, drug conspiracy statute). The Eighth Circuit's model instructions recognize that many conspiracy statutes, except for section 371 conspiracies, require no overt act. *See* Instruction 5.06A-1, Note 2 (noting that an overt act is not required for conspiracies under at least eight statutes other than section 371). Consistent with the Eight Circuit's model criminal instruction 5.06A-1, Note 2, the overt act element is omitted.

If all three elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 1; otherwise, you must find the defendant not guilty of this crime under Count 1. If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

## JURY INSTRUCTION NO. 12
## CONSPIRACY: ELEMENTS EXPLAINED

**Element One:**

Element One requires that two or more people reached an agreement to commit the crime of Bringing Aliens to the United States.

The indictment charges a conspiracy to bring aliens to the United States other than at a designated port of entry. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two or more people to commit the crime of bringing aliens to the United States does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of bringing aliens to the United States was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two:**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

40

If you have determined that two or more people reached an agreement to commit the crime of bringing aliens to the United States, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of bringing aliens to the United States, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit the crime of bringing aliens to the United States by voluntarily and intentionally participating in the unlawful plan with the intent to further that crime. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

41

**Element Three:**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of bringing aliens to the United States simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

## JURY INSTRUCTION NO. 13
## CO-CONSPIRATOR ACTS AND STATEMENTS

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

**JURY INSTRUCTION NO. 14**
**COUNT 2**
**(AIDING AND ABETTING BRINGING ALIENS TO THE UNITED STATES)**

Count 2 charges the defendants with Aiding and Abetting Bringing Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.  A person may be found guilty of Bringing Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy, even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the offense.

In order to have aided and abetted the commission of this crime:

*One*, the defendant must have known that the crime of Bringing Aliens to the United States was being committed or going to be committed;

*Two*, the defendant must have had enough advance knowledge of the extent and character of the Bringing Aliens to the United States that he was able to make the relevant choice to walk away from the offense before all elements of Bringing Aliens to the United States were complete;

*Three*, the defendant must have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of Bringing Aliens to the United States; and

*Four*, the defendant must have known that a person to be brought over was an alien.

For you to find the defendant guilty of Bringing Aliens to the United States by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of Bringing Aliens to the United States, as explained in Jury Instruction

number 15, were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 2; otherwise, you must find the defendant not guilty of this crime under Count 2. If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

## JURY INSTRUCTION NO. 15
## COUNT 3
## (BRINGING OR ATTEMPTING TO BRING ALIENS TO THE UNITED STATES CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY)

The crime of Bringing or Attempting to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy as charged in Count 3 of the Indictment has four elements, which are:

*One*, the defendant brought or attempted to bring a person into the United States;

*Two*, the person was an alien;

*Three*, the defendant knew the person was an alien; *and*

*Four*, the entry or attempted entry into the United States was made or attempted at a place other than a designated port of entry.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 3; otherwise, you must find the defendant not guilty of this crime under Count 3. If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

**Authority**: The Eighth Circuit does not have a model instruction for this offense. This jury instruction was adapted from model instructions in the Fifth and Seventh Circuits:

- Instruction 2.01A, Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2024 Ed.) at 88, *available at* https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf;

- Instruction for 8 U.S.C. § 1324(a)(1)(A)(i), The William J. Bauer Pattern Jury Instructions of the Seventh Circuit (2023 Ed.) at 157, *available at* https://www.ca7.uscourts.gov/pattern-jury instructions/Criminal_Jury_Instructions.pdf.

**JURY INSTRUCTION NO. 16**
**COUNT 4**
**(CONSPIRACY TO TRANSPORT ALIENS)**

The crime of Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy as charged in Count 4 of the Indictment has three elements, which are:

*One*, on or before January 19, 2022, two or more persons reached an agreement to commit the crime of Transporting Aliens in the United States;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in this agreement, he knew the purpose of the agreement.

Instruction numbers 12 and 13, which I have already read to you and which followed Count 1, also apply to Count 4.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 4; otherwise, you must find the defendant not guilty of this crime under Count 4. If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

## JURY INSTRUCTION NO. 17
## COUNT 5
## (AIDING AND ABETTING THE TRANSPORT OF ALIENS CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY)

Count 5 charges the defendants with Aiding and Abetting the Transport of Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy. A person may be found guilty of Aiding and Abetting the Transport of Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the offense.

In order to have aided and abetted the commission of this crime:

*One*, the defendant must have known that the crime of Transporting Aliens in the United States was being committed or going to be committed;

*Two*, the defendant must have had enough advance knowledge of the extent and character of the Transporting Aliens in the United States that he was able to make the relevant choice to walk away from the offense before all elements of Transporting Aliens in the United States were complete; and

*Three*, the defendant knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of Transporting Aliens in the United States;

*Four*, the defendant must have known at least one person transported was an alien, and

*Five*, the defendant must have known or recklessly disregarded the fact that said alien entered or remained in the United States in violation of law.

49

For you to find the defendant guilty of Transporting Aliens in the United States by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of Bringing Aliens to the United States, as explained in Jury Instruction number 18, were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the person transported was an alien who had entered or remained in the United States in violation of the law.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 5; otherwise, you must find the defendant not guilty of this crime under Count 5. If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

### JURY INSTRUCTION NO. 18
### COUNT 6
### (TRANSPORTATION OF ALIENS IN THE UNITED STATES CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY)

The crime of Transportation of Aliens in the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy as charged in Count 6 of the Indictment has three elements, which are:

*One*, that an alien had entered or remained in the United States in violation of the law;

*Two*, the defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law;

*Three*, the defendant knowingly transported, moved, or attempted to transport or move the alien within the United States with intent to further the alien's unlawful presence.

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the person transported was an alien who had entered or remained in the United States in violation of the law.

In order for transportation to be in furtherance of the alien's unlawful presence, there must be a direct and substantial relationship between the defendant's act of transportation and its furtherance of the alien's presence in the United States. In other words, the act of transportation must be more than merely incidental to a furtherance of the alien's violation of the law.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 6;

otherwise, you must find the defendant not guilty of this crime under Count 6.  If you find the defendant guilty, address the specific question on the verdict form related to whether the conduct caused serious bodily injury or placed lives in jeopardy, which I will further explain in Instruction 19.

**Authority**: The Eighth Circuit does not have a model instruction for this offense.

This jury instruction was adapted from model instructions in the Fifth and Seventh Circuits:

- Instruction 2.01B, Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2024 Ed.) at 90, *available at* https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf;

- Instruction for 8 U.S.C. § 1324(a)(1)(A)(ii), The William J. Bauer Pattern Jury Instructions of the Seventh Circuit (2023 Ed.) at 160, *available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/Criminal_Jury_Instructions.pdf.

### JURY INSTRUCTION NO. 19
### SPECIAL INTERROGATORY FOR COUNTS 1-6
### (SERIOUS BODILY INJURY/PLACING LIVES IN JEOPARDY)

If you find the defendant guilty of Counts One, Two, Three, Four, Five, or Six, you will have to unanimously agree, by proof beyond a reasonable doubt, whether the defendant's conduct charged in Counts 1, 2, 3, 4, 5, or 6 caused serious bodily injury to any person or placed in jeopardy the life of any person. Record your determination on the verdict form for each count.

Serious bodily injury means bodily injury which involves the substantial risk of death, extreme physical pain, protracted or obvious disfigurement, or the protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

**Authority**: Paragraph one was adapted from the Eighth Circuit's model instruction for computer fraud, 6.18.1030B, which provides language for instructing the jury on a sentence enhancer, which the jury will answer as a special interrogatory on the verdict form. Paragraph two defines serious bodily injury under 18 U.S.C. § 1365(h)(3). Under the alien smuggling statute, 8 U.S.C. § 1324(a)(1)(B)(iii), serious bodily injury has the same definition as in § 1365.

**JURY INSTRUCTION NO. 20**
**COUNT 7 – TRANSPORTATION OF ALIENS IN THE UNITED STATES FOR THE PURPOSE OF COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN**

The crime of Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain as charged in Count 7 of the Indictment, has four elements, which are:

*One*, that an alien had entered the United States in violation of the law;

*Two*, the defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law;

*Three*, the defendant transported, moved, or attempted to transport or move, the alien within the United States with intent to further the alien's unlawful presence.

*Four,* the defendant committed the offense for the purpose of commercial advantage or private financial gain.

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the person transported was an alien who had entered or remained in the United States in violation of the law.

The term "commercial advantage" means that the defendant participated in an alien smuggling venture and that members of that venture received or negotiated payment in return for the transportation or movement of the aliens. The government need not prove that the defendant was going to directly benefit financially from his part in the venture. The term "private financial gain" means any monetary benefit obtained by the defendant for his

conduct, whether conferred directly or indirectly. It includes a promise to pay money in the future.

In order for transportation to be in furtherance of the alien's unlawful presence, there must be a direct and substantial relationship between the defendant's act of transportation and its furtherance of the alien's presence in the United States. In other words, the act of transportation must be more than merely incidental to a furtherance of the alien's violation of the law.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 7; otherwise, you must find the defendant not guilty of this crime under Count 7.

**Authority**: The Eighth Circuit does not have a model instruction for this offense. This jury instruction was adapted from model instructions in the Fifth and Seventh Circuits:

- Instruction 2.01B, Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2024 Ed.) at 90, *available at* https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf;

- Instruction for 8 U.S.C. § 1324(a)(1)(A)(ii), The William J. Bauer Pattern Jury Instructions of the Seventh Circuit (2023 Ed.) at 160, *available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/Criminal_Jury_Instructions.pdf.

## JURY INSTRUCTION NO. 21
## ATTEMPT

The crimes charged in Counts 2, 3, 5, 6, and 7 in the Indictment include an attempt to commit the crime. A person may be found guilty of an attempt if he intended to commit the crime and voluntarily and intentionally carried out some act which was a substantial step toward that crime.

A substantial step, as used in the previous instruction, must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

**JURY INSTRUCTION NO. 22**
**PROOF OF INTENT OR KNOWLEDGE**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## JURY INSTRUCTION NO. 23
## VENUE

The government must prove it is more likely true than not true that the offense charged was begun, continued or completed in the District of Minnesota. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

## JURY INSTRUCTION NO. 24
## DUTIES OF JURY – CLOSE OF THE CASE

Throughout your deliberations, you can and should discuss with each other the evidence and the law that was presented in this case, but you must still not communicate with anyone else by any means about the case. You also cannot learn anything from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may still not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find electronically might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the

courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

## JURY INSTRUCTION NO. 25
## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond

as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.