UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No.: 22-40 (JRT/LIB)(1)*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **DEFENDANT HARSHKUMAR PATEL'S** |
| vs. | ) **RULE 29 MOTION FOR** |
| | ) **JUDGMENT OF ACQUITTAL** |
| HARSHKUMAR PATEL, | ) |
| Defendant. | ) |

Defendant, HARSHKUMAR PATEL, by and through his attorneys, Thomas More Leinenweber and Thomas Plunkett, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 29 for the entry of an order granting a judgment of acquittal on all counts of the superseding indictment. In support thereof, Defendant Harshkumar Patel states as follows:

### I. INTRODUCTION

The Defendant was found guilty at trial of conspiring to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(iii) (Count I); conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(iii) (Count II); attempted

transportation of aliens for purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), and 1324(a)(1)(B)(iii) (Count III); and aiding and abetting the attempted transportation of aliens for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii) (Count IV). As set forth in his motion for a new trial, Defendant's convictions for these offenses were obtained as a result of errors committed by this Court which prejudiced the Defendant. Even so, the evidence presented to the jury was insufficient to establish the necessary elements of the charged offenses beyond a reasonable doubt.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

Pursuant to Federal Rule of Criminal Procedure 29, the Defendant moves this Court to enter a judgment of acquittal on all counts. Under Rule 29, the Defendant is entitled to a judgment of acquittal on these counts because the government failed to present sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that the Defendant knowingly conspired with others to commit the crimes of conspiring to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy, conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy, attempted transportation of aliens for purpose of commercial advantage and private financial gain or aiding and abetting the attempted transportation of aliens for the purpose of commercial advantage and private financial gain.

Sufficiency of the evidence challenges require the Court to determine if the evidence, viewed in the light most favorable to the government, could support the guilty verdict. *United States v. Augustine*, 663 F.3d 367, 373 (8th Cir. 2011); *United States v. Cacioppo*, 460 F.3d 1012, 1026 (8th Cir. 2006)(affirming the judgment of acquittal for charges of false statements due to insufficient evidence) *United States v. Hernandez*, 301 F.3d 886, 893 (8th Cir. 2002) (setting aside a guilty conviction of aiding and abetting possession with intent to distribute methamphetamine due to insufficient evidence on the grounds that there is a critical line between suspicion of guilt and guilt beyond a reasonable doubt); *United States v. Rork*, 981 F.2d 314, 316 (8th Cir. 1992)(setting aside conspiracy and firearm convictions on insufficiency grounds); *United States v. Gomez*, 165 F.3d. 650, 654 (8th Cir. 1999)(acquittal is required where there is no interpretation of the evidence that would allow a reasonable jury or finder of fact to find the defendant guilty beyond a reasonable doubt). The same standard applied to a sufficiency of the evidence challenge applies to a defendant's request for a judgment of acquittal. *United States v. Diaz*, 736 F.3d 1143, 1150 (8th Cir. 2013).

This long-line of acquittals demonstrates that a guilty verdict can be sustained *only* if the government introduces sufficient *credible and probative* evidence that the defendant was guilty of each element of the offense on each of the charges beyond a reasonable doubt. *Neder v. United States,* 527 U.S. 1, 15 (1999); *In re Winship*, 397 U.S. 358, 364 (1970). Failure to prove an essential element entitles a defendant to an acquittal. *Jones v. United*

3

*States*, 526 U.S. 227 (1999). Giving the government the benefit of the reliable witness testimony, and all the inferences which reasonably can be drawn from that evidence, it has failed to demonstrate that a conspiratorial agreement existed between the Defendant and others and that the Defendant was a member of that agreement.

## Counts

To convict a defendant of Conspiring to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy, in violation of 8 U.S.C. §1324(a)(1)(A)(i), §1324(a)(1)(A)(v)(I) and §1324(a)(1)(B)(iii), the government must prove beyond a reasonable doubt that: One, from on or about December 7, 2021, through January 19, 2022, two or more people reached an agreement to Bring Aliens to the United States at a place other than a designated port of entry; Two, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; Three, at the time the defendant joined in this agreement, the defendant knew the purpose of the agreement; and Four, that the defendant's actions during and in relation to this offense caused serious bodily injury to, or placed in jeopardy the life of, any person. *See The Court's Final Instructions to the Jury*, Dkt. 179, at p. 26.

To convict a defendant of Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(iii), the government must prove: One, from on or

about December 7, 2021, through January 19, 2022, two or more persons reached an agreement to commit the crime of Transportation of Aliens in the United States; Two, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; Three, at the time the defendant joined in this agreement, he knew the purpose of the agreement; and Four, that the defendant's actions during and in relation to this offense caused serious bodily injury to, or placed in jeopardy the life of, any person. *Id.* at p. 29.

The elements of Bringing Aliens to the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), are: One, the defendant brought or attempted to bring an alien into the United States; Two, the person was an alien; Three, the defendant knew the person was an alien; Four, the entry or attempted entry into the United States was made or attempted at a place other than a designated port of entry; and five, that the defendant acted willfully. *Id*. at p. 33.

To convict a defendant of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), and 1324(a)(1)(B)(iii), the government must prove: One, the defendant attempted to transport or move an alien within the United States; Two, the alien was in the United States in violation of the law; Three, this was known to or recklessly disregarded by defendant; and Four, the defendant acted willfully in furtherance of the alien's violation of the law. Five, the defendant attempted to commit

the offense for the purpose of commercial advantage or private financial gain. *Id*. at p. 34.

Finally, to convict a defendant of Aiding and Abetting the Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii), the government must prove One, the defendant must have known that the crime of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain was being committed or going to be committed; Two, the defendant must have had enough advance knowledge of the extent and character of the Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain that he was able to make the relevant choice to walk away from the offense before all elements of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain were complete; and Three, the defendant knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain; Four, the defendant must have known at least one person attempted to be transported was an alien, and Five, the defendant must have known or recklessly disregarded the fact that said alien entered or remained in the United States in violation of law. *Id*. at pp. 37-38.

## ARGUMENT

Insufficient evidence supported the convictions in all counts in this case.

There was no evidence that Defendant Patel was involved in a conspiracy with Co-Defendant Shand or any other members of the conspiracy, known or unknown.

There was no evidence that Defendant Patel knew that the individuals being transported were aliens.

There was no evidence that Defendant Patel knew that the individuals being transported were entering into the country was at a place other than a designated point of entry.

There was no evidence that Defendant Patel knew that the individuals being transported were in the United States in violation of the law.

In addition to the substantive count deficiencies, the government also failed to prove that Defendant Harshkumar Patel was the "Dirty Harry," whom with which Defendant Shand was communicating with during the time of the alleged conspiracy. There was no evidence that Defendant Patel joined in any agreement regarding the aliens whatsoever.

There was no testimony by any witness that Patel knew or acted in reckless disregard that the people crossing the border were aliens not lawfully in the United States. Likewise, there was no forensic testimony that Patel knew or acted in reckless disregard of this fact. Because this is an essential element to all four counts that Patel was

found guilty of, this Court should enter an order granting judgment of acquittal on all counts.

A Rule 29 motion calls on a court to distinguish between reasonable inferences and speculation. Each step in the inferential chain must be supported by evidence that allows the jury to "draw reasonable inferences from basic facts to ultimate facts." *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012). While reasonable inferences from evidence weigh against a defendant, pure speculation cannot. *United States v. Aponte*, 619 F.3d 799, 807 (8th Cir. 2010). It is well settled that a jury is not justified in convicting a defendant on the basis of conjecture. *United States v. Du Bois*, 645 F.2d 642, 645 (8th Cir. 1981) (an involuntary manslaughter while driving under the influence of intoxicating liquor conviction reversed on grounds of insufficiency). A conviction can be based on circumstantial or direct evidence, but not on speculation. *United States v. Young*, 68 F.4th 1095, 1097 (8th Cir. 2023).

In sum, the evidence submitted in Court at trial was woefully deficient and the government has failed to meet its burden of proof, and the verdicts must be set aside.

WHEREFORE, Defendant HARSHKUMAR PATEL respectfully requests that this Court enter an order granting the Defendant's Rule 29 motion on Counts One through Four of the superseding indictment.

Respectfully submitted,

                                                                                                        Respectfully submitted,

Dated:    January 3, 2025                           /s/ *Thomas More Leinenweber*
                                                                                              Thomas More Leinenweber
                                                                                              Appearing Pro Hac Vice
                                                                                              Attorney for Defendant
                                                                                              120 North LaSalle Street, Suite 2000
                                                                                              Chicago, IL 60602
                                                                                              Phone: (312) 403-1312
                                                                                              Email: thomas@ilesq.com