UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No.: 22-40 (JRT/LIB)(1)*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| HARSHKUMAR PATEL, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S HARSHKUMAR PATEL'S MOTION FOR A NEW TRIAL

Defendant, HARSHKUMAR PATEL, by and through his attorneys Thomas More Leinenweber and Thomas Plunkett, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 33, and pursuant to order of this Court, for the entry of an order granting the Defendant a new trial. In support thereof, Defendant Harshkumar Patel states as follows:

### I. INTRODUCTION

The Defendant was tried before this Court and a jury between November 18, 2024 and November 22, 2024, on charges of conspiring with another to bring aliens to the United States causing serious bodily injury and placing lives in jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(iii) (Count I); conspiracy to transport aliens causing serious bodily injury and placing lives in jeopardy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(iii); (Count II); attempted transportation of aliens for purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), and 1324(a)(1)(B)(iii); (Count III); and aiding and abetting the attempted transportation of aliens for the

purpose of commercial advantage and private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(iii); (Count IV). On November 22, 2024, the jury returned a verdict against Defendant Patel finding him guilty of all four counts of the superseding indictment.

Throughout the trial in this case, the Defendant's counsel made objections to matters offered by the government into evidence, made offers to produce various types of evidence through questions put to witnesses, made motions, opposed numerous motions by the government, challenged procedural rulings of the Court, and participated at trial on the part of the Defendant. This Court ruled on each of these objections, motions, and arguments, in turn. Counsel cannot itemize each and every ruling or error of the Court, and even if they could, not each ruling would arise to an error which would warrant the granting of a new trial. Accordingly, Defendant obviously does not waive any errors that may appear preserved by contemporaneous objection during trial, and/or which may be noticed from a more thorough review of the complete transcript of the proceedings and the record on appeal. These post-trial motions seek to highlight those areas of dispute related to Defendant Patel, which counsel believe, alone or in combination, entitle the Defendant to a new trial.

## II. MOTION FOR A NEW TRIAL

By separate pleading, Defendant has challenged the sufficiency of evidence respecting all Counts of the indictment and has sought a judgment of acquittal notwithstanding the jury's verdict of guilty. In the event the Court does not grant Defendant Patel's motion for a judgment of acquittal notwithstanding the verdict on all Counts, and alternatively, the Court should grant Mr. Patel a new trial on all in light of errors committed at trial and in the interest of justice. These errors include the following.

Federal Rule of Criminal Procedure 33 permits a defendant to move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant a Rule 33 motion is within the sound discretion of the District Court . . . . though this broad discretion should be exercised sparingly and with caution." *United States v. Huyck*, 849 F.3d 432, 444 (8th Cir. 2017)

A new trial is warranted when the first trial resulted in a miscarriage of justice, the verdict was against the weight of the evidence, the damages award was excessive, or there were legal errors at trial. *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "With respect to legal errors, a 'miscarriage of justice' does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial [*9] error." *Belcastro-Gonzalez v. City of Omaha*, No. 8:19CV572, 2023 U.S. Dist. LEXIS 29439, at *8-9 (D. Neb. Feb. 21, 2023)

The trial court is entitled to "weigh the evidence and in so doing evaluate for itself the credibility of witnesses." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). In determining whether a defendant is entitled to a new trial, the district court "may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Walker*, 393 F.3d at 847 (quotation omitted). *United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007)

Federal Rule of Criminal Procedure 33(a) authorizes a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." However, motions for new trials based on the weight of the evidence generally are disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. *Campos*, 306 F.3d at 579. The jury's verdict must be allowed to stand unless "the evidence weighs heavily enough

3

against the verdict [such] that a miscarriage of justice may have occurred." *United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007)

In short, a motion for a new trial may be granted if a trial error contributed to an unfair outcome *or* if the totality of the evidence leaves doubt regarding the defendant's guilt of the charged offenses. We submit that under either prong, the Defendant is entitled to a new trial.

### A. The Defendant's Motion for Severance was Incorrectly Denied

Defendant Patel's co-defendant, Steve Shand, attempted to deflect blame at the trial by arguing that Shand was duped by Petal into becoming involved in the conspiracy to smuggle aliens from Cananda to the United States. Shand's counsel repeatedly argued that Shand was an innocent taxi driver simply picking up passengers at the border of Canada and the United States at the behest of Patel. From the opening statement of Shand, through the questioning of witnesses, to his closing argument, Shand's sole defense was that Patel was guilty of alien smuggling and that Patel was the mastermind of the operation and that Shand was an unknowing participant in the conspiracy. Shand's counsel went so far as to point out that Patel had a fraudulent Maryland driver's license, despite the Court's order that prohibited the government from presenting such evidence. The undersigned objected on each occasion that this argument was made and moved several times for severance, which was incorrectly denied by the Court.

"A defendant 'can demonstrate real prejudice to his right for a fair trial by showing (a) that his defense is irreconcilable with the defense of his codefendant or co-defendants, or (b) that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" *United States v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003); *United States v. Humphreys*, No. 1:12-cr-017-6, 2012 U.S. Dist. LEXIS 72328, at *4 (D.N.D. May 24, 2012). A defendant may meet the heavy burden of establishing a prejudicial joinder by showing that "(a) his [or her] defense is

4

irreconcilable with that of his [or her] co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) (quoting *United States v. Davis*, 534 F.3d 903, 916-17 (8th Cir. 2008)). *United States v. Williams*, No. 19-CR-45-CJW-MAR, 2019 U.S. Dist. LEXIS 113152, at *4 (N.D. Iowa July 9, 2019). Such was the case here. Because of the defense strategy of his co-defendant, Defendant Patel was forced to face two parties trying to establish his guilt – the government and co-defendant. Shand was caught by federal agents in a rented 15 passenger mini-van with out-of-state plates in one of the most remote parts of Minnesota on the coldest day of the year. He told agents that he was on the way to Winnipeg but had gotten lost. He also lied when he told the agents that there were no other people still lost in the deathly weather. Further, he had two individuals in his van who did not speak English and appeared to be in great distress from exposure to the extreme elements and who were Indian nationals. After all of that evidence against him, for Shand to then argue to the jury that he was in that position because Patel duped him into being there, made it impossible for the members of the jury to 'compartmentalize the evidence' and was clearly irreconcilable with Patel's right to a fair trial.

### B. Defendant Patel's Right to a Fair Trial was Obviated by the Government's Failure to Timely Provide *Giglio* Material

Further, Defendant Patel's right to a fair trial was also denied because the government failed to timely provide *Giglio* materials related to witness United States Customs and Border Patrol Intelligence Agent Dan Huguley. The *Giglio* materials related to disciplinary action taken against Agent Huguley, who was suspended for fourteen days in 2019 for conduct his agency determined called into question his professionalism and judgement; namely providing a false name to a hotel clerk while under the influence, while on a detail in New Mexico, ostensibly to gain

5

access to a co-worker's room. While his acts were unsuccessful, there was an agency inquiry which found Agent Huguley had "committed the misconduct as charged." *See Email from Michael McBride, dated November 21, 2024*. Counsel and the Court were informed of this issue after both sides rested.  Had counsel been in possession of this Giglio material, the cross-examination of Agent Huguley could have been very effective as to his testimony.

Under *Giglio v. United States*, 405 U.S. 150, 153-55, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972), the government must disclose matters that affect the credibility of prosecution witnesses. Thus, for example, a defendant is entitled to know of a promise to drop charges against a key witness if that witness testifies for the government. *United States v. Morton*, 412 F.3d 901, 906 (8th Cir. 2005) (*See) Clay v. Bowersox*, 367 F.3d 993, 1000 (8th Cir. 2004). Under *Giglio*, the government's failure to disclose favorable information will result in an order of retrial if the undisclosed information is 'material,' within the exacting standard of materiality established by the governing case law. *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009). Undisclosed *Brady/Giglio* evidence is material when the government's failure to disclose the evidence undermines confidence in the outcome of the trial. *Brown v. Kelley*, No. 5:16-CV-00381-BRW-JJV, 2018 U.S. Dist. LEXIS 141526, at *24 (E.D. Ark. Aug. 21, 2018). Clearly, that is the case here. By failing to turn over the material for Agent Huguely in a timely manner, confidence in the verdict is severely undermined.

### III.   ADOPTION OF CO-DEFENDANT'S MOTIONS

Defendant Patel, by way of this Motion, joins in all arguments made by his Co-Defendant Steven Shand in Shand's Motion for a New Trial.

WHEREFORE, Defendant HARSHKUMAR PATEL respectfully requests that this Court enter an order granting him a new trial.

Respectfully submitted,

Dated: January 3, 2025        */s/ Thomas More Leinenweber*
Thomas More Leinenweber
Appearing Pro Hac Vice
Attorney for Defendant
120 North LaSalle Street, Suite 2000
Chicago, IL 60602
Phone: (312) 403-1312
Email: thomas@ilesq.com